UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS WENDT,

       Plaintiff,

v.                                  CASE NO. 4:08-CV-12485
                                HONORABLE STEPHEN J. MURPHY, III

CRAIG HUTCHINSON, et al.,

       Defendants.
_____/

**OPINION AND ORDER OF PARTIAL SUMMARY DISMISSAL AND
DIRECTING PLAINTIFF TO PROVIDE SERVICE COPIES AND INFORMATION**

**I.    Introduction**

Michigan prisoner Thomas Wendt ("Plaintiff") has filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff also filed an application to proceed without prepayment of fees and costs, pursuant to 28 U.S.C. § 1915(a), which the Court has granted [docket entry #3]. In his complaint, Plaintiff alleges that he has been denied proper medical care for his serious heart condition while confined at the Southern Michigan Correctional Facility ("JMF") in Jackson, Michigan and the Ryan Correctional Facility ("RRF") in Detroit, Michigan. He names Correctional Medical Services ("CMS"), CMS Director Craig Hutchinson, Acting Chief Medical Officer for Bureau of Health Care Services Greg Naylor, CMS Doctor James Forshee, Michigan Department of Corrections ("MDOC") Director Patricia Caruso, MDOC Medical Director George Pramstaller, Registered Nurse Vickie S. Carlson, JMF Licensed Practical Nurse Jane Doe #1, JMF Pharmacist

1

Penny (also identified as Jane Doe #2), Licensed Practical Nurse Amy J. Arnold, Registered Nurse Angela K. Brown, JMF Registered Nurse Jane Doe #3, JMF Doctor Talukder (also identified as John Doe #1), Foote Hospital Doctor Patela (also identified as John Doe #2), Duane Waters Hospital Cardiologist (identified as John Doe #2), JMF Doctor Brown (also identified as Jane Doe #4), JMF Physician Assistant Hawkins (also identified as Jane Doe #5), and RRF Doctor Paul Piper as defendants in this action and sues them in their individual and/or official capacities. Plaintiff seeks injunctive and declaratory remedies, monetary damages, and other appropriate relief.

**II.    Discussion**

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997(e)(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis either in law or in fact. *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *See Flagg Bros. v.*

*Brooks*, 436 U.S. 149, 155-57 (1978); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996). A *pro se* civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Despite this liberal pleading standard, the Court finds that Plaintiff's claims against certain defendants are subject to dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

Plaintiff's claims against defendants Hutchinson, Caruso, and Carlson must be dismissed because Plaintiff has failed to allege any facts demonstrating the personal involvement of those defendants in the events giving rise to his complaint. It is well-settled that a civil rights plaintiff must allege the personal involvement of a defendant to state a claim under 42 U.S.C. § 1983. *See, e.g., Monell v. Dep't of Social Svs.*, 436 U.S. 658, 691-92 (1978) (Section 1983 liability cannot be based upon a theory of *respondeat superior*); *Taylor v. Michigan Dep't. of Corrections*, 69 F.3d 716, 727-28 (6th Cir. 1995) (plaintiff must allege facts showing that defendant participated, condoned, encouraged, or knowingly acquiesced in alleged misconduct to establish liability). Plaintiff has not alleged personal involvement with respect to defendants Hutchinson, Caruso, and Carlson. The mere fact that those defendants may have had supervisory authority over the other defendants, may have been aware of Plaintiff's complaints, and/or may have denied Plaintiff's grievances, is insufficient to state a claim for relief under § 1983. Therefore, Plaintiff's claims against defendants Hutchinson, Caruso, and Carlson must be dismissed.

Plaintiff's claims against Dr. Patela must also be dismissed. One element of a § 1983 claim is that the deprivation of the right was caused by a person acting under color of state law. *See Wittstock v. Mark A. Van Sile, Inc.*, 330 F.3d 899, 902 (6th Cir. 2003). The crucial inquiry in determining whether a physician who provides medical services to inmates is a state actor for

purposes of § 1983, is the relationship among the State, the physician, and the plaintiff. *See West v. Atkins*, 487 U.S. 42, 56 (1988). According to the complaint, Dr. Patela is a cardiologist who treated Plaintiff at Foote Hospital. There is no allegation in the complaint that Dr. Patela contracts with either the MDOC or CMS to provide health services to state prisoners or that his medical decisions were controlled by the MDOC or CMS. Therefore, because Dr. Patela is a private physician and not a state actor, Plaintiff's § 1983 claims against him must be dismissed. *See Neal v. Anspaugh-Kisner*, No. 07-10671, *9-10, 2008 WL 506336 (E.D. Mich. Feb. 22, 2008) (dismissing § 1983 claims against physician who provided medical care to prisoner at Foote Hospital's orthopedic outpatient clinic because physician was not a state actor); *see also Styles v. McGinnis*, 28 Fed. Appx. 362, 364 (6th Cir. 2001) (emergency room physician who treated prisoner was not a state actor); *Neff v. Bowzer*, No. Civ. A. 405CVP50M, 2006 WL 208701, *3 (W.D. Ky. Jan. 24, 2006) (stating that it "simply stretches the bounds of the state-action requirement to hold a private physician amenable to suit under § 1983" and dismissing claims against two physicians where there were no facts indicating that their treatment decisions should be attributed to the state).

Having liberally construed the claims in Plaintiff's *pro se* complaint, *see Haines*, 404 U.S. at 520-21, the Court finds that Plaintiff's claims against the remaining defendants, those not mentioned above, are not subject to dismissal at this time. *See, e.g., Estelle v. Gamble*, 429 U.S. 97, 104 (1976) ("deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment"); *Terrance v. Northville Regional Psychiatric Hosp.*, 286 F.3d 834, 843 (6th Cir. 2002) (a plaintiff may establish deliberate indifference by a showing of grossly inadequate medical care). However, the complaint

4

with respect to these defendants cannot proceed at this time. An inmate bringing a civil rights complaint must specifically identify each defendant against whom relief is sought, and must give each defendant notice of the action by serving upon him or her a summons and copy of the complaint. *See Feliciano v. DuBois,* 846 F. Supp. 1033, 1048 (D. Mass. 1994). When a plaintiff is proceeding *in forma pauperis,* as is the case here, the district court must bear the responsibility for issuing the plaintiff's process to a United States Marshal, who must effectuate service upon the defendants once the plaintiff has properly identified them in the complaint. *See Williams v. McLemore,* 10 Fed. Appx. 241, 243 (6th Cir. 2001); *Byrd v. Stone,* 94 F.3d 217, 219 (6th Cir. 1996); Fed. R. Civ. P. 4(c)(2); 28 U.S.C. § 1915(d). In the present case, Plaintiff has failed to properly identify certain "Jane/John Doe" defendants and has failed to submit sufficient copies of his complaint such that the Court can effectuate service. Therefore, the Court will direct Plaintiff to identify all defendants and provide the Court with additional copies of his complaint.

**III.    Conclusion**

For the reasons stated above, the Court concludes that Plaintiff has failed to state a claim upon which relief may be granted against defendants Hutchinson, Caruso, Carlson, and Patela. Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's claims against Hutchinson, Caruso, Carlson, and Patela are **DISMISSED**, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

The Court further concludes that Plaintiff's claims against the remaining defendants are not subject to summary dismissal. Plaintiff, however, has not provided the Court with sufficient copies for service to be made upon all of the defendants, nor has he specifically identified certain "Jane/John Doe" defendants against whom he wishes to file suit.

Accordingly, **IT IS FURTHER ORDERED** that Plaintiff **MUST SUBMIT FOURTEEN (14) ADDITIONAL COPIES** of the complaint for service upon Defendants and **PROVIDE** the names and addresses of the "Jane/John Doe" defendants within **THIRTY (30) DAYS** of the date of this order so that service may be effectuated. The Court shall provide Plaintiff with one copy of the complaint to assist him in this endeavor. This copy should be returned to the Court with the additional copies. Plaintiff's failure to comply with the Court's Order may result in dismissal of the complaint and/or dismissal of the unidentified defendants.

**SO ORDERED.**

Dated: September 11, 2008        s/Stephen J. Murphy, III

HONORABLE STEPHEN J. MURPHY, III
UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on September 11, 2008, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: _____, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: Thomas Wendt.

s/Ruth A. Brissaud
Ruth A. Brissaud, Case Manager
(810) 341-7845