UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS WENDT,

        Plaintiff,

v.                                  CASE NO. 4:08-CV-12485
                                   HONORABLE STEPHEN J. MURPHY, III

CRAIG HUTCHINSON, et al.,

        Defendants.
_____/

## **OPINION AND ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE**

Now before the Court is plaintiff Thomas Wendt's *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff is a state prisoner currently confined at the Ryan Correctional Facility in Detroit, Michigan. At the time he filed his complaint, the plaintiff did not submit sufficient copies for service to be made upon the named defendants and did not specifically identify certain "Jane/John Doe" defendants.

An inmate bringing a civil rights complaint must specifically identify each defendant against whom relief is sought, and must give each defendant notice of the action by serving upon him or her a summons and copy of the complaint. *See Feliciano v. DuBois,* 846 F. Supp. 1033, 1048 (D. Mass. 1994). When a plaintiff is proceeding *in forma pauperis,* as is the case here, the district court bears the responsibility for issuing the plaintiff's process to a United States Marshal, who must effectuate service upon the defendants once the plaintiff has properly identified them in the complaint. *See Williams v. McLemore,* 10 Fed.

Appx. 241, 243 (6th Cir. 2001); *Byrd v. Stone,* 94 F.3d 217, 219 (6th Cir. 1996); Fed. R. Civ. P. 4(c)(2); 28 U.S.C. § 1915(d). Federal rules require that service copies be provided by the plaintiff. *See* Fed. R. Civ. P. 4(c)(1) ("The plaintiff . . . shall furnish the person effecting service with the necessary copies of the . . . complaint").

On September 11, 2008, the Court issued an "Opinion and Order of Partial Summary Dismissal and Directing Plaintiff to Provide Service Copies and Information" dismissing certain defendants, requiring the plaintiff to provide service copies for the remaining defendants, and requiring the plaintiff to provide the names and addresses of the "Jane/John Does" referenced in the complaint. That order stated that the case would be dismissed if the plaintiff did not submit the required copies and information within 30 days. The time for complying with the Court's order has elapsed, and the plaintiff has failed to correct the deficiencies or request additional time to comply with the Court's order.

Accordingly, **IT IS HEREBY ORDERED** that the plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED.**

        s/Stephen J. Murphy, III
        Stephen J. Murphy, III
        United States District Judge

Dated: November 19, 2008

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 19, 2008, by electronic and/or ordinary mail.

        s/Alissa Greer
        Case Manager